# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL GARRISON, WENDY GARRISON,
BENJAMIN HOBSON, FRANK RENKEN,
RICARDO APONTE, and NICHOLAS J.
CASESA**

                    **Plaintiffs,**

**-vs-**                                          **Case No.  6:06-cv-1656-Orl-28JGG**

**CHUCK, CAROL & COMPANY, INC.,
CHARLES D. ADKINS,  CASSANDRA
ADKINS,**

                    **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **M O T I O N   F O R   P R E L I M I N A R Y   C L A S S CERTIFICATION AND MOTION TO PERMIT COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. No. 36)** |
| **FILED:** | **January 22, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part without prejudice**.

## I.    PROCEDURAL HISTORY

On October 24, 2006, Plaintiff Carl Garrison ("Garrison") filed a complaint alleging violation of the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  Docket 1.  The complaint was filed solely on Garrison's own behalf.

Garrison amended his complaint on November 20, 2006, to add a second count alleging violation of the FLSA on behalf of himself and others who are similarly situated.  Docket 9 at ¶¶ 29-33.  The unverified amended complaint alleges that Defendant Chuck, Carol & Company, Inc. ("CCC") is a for-profit corporation engaged in business in Zellwood, Florida, with its principal place of business in Zellwood.   Docket 9 at ¶ 5.  Garrison also sues Charles D. Adkins and Cassandra Adkins, who allegedly were managers of CCC and directly supervised Garrison.  Docket 9 at ¶ 12. Garrison alleges the Defendants employed him from approximately May 2004 to September 2006, as a structural welder and shop superintendent.  Docket 9 at ¶¶ 14-15.  Garrison claims Defendants failed to compensate him for all work at the rate of one and one-half times his regular hourly rate for work in excess of forty hours per week.  Docket No. 9 at ¶ 22.  Count II of the amended complaint alleges that "construction workers and laborers" are not paid time and a half for hours worked over 40 in a workweek, and the amended complaint seeks recovery for these "similarly situated" employees. Docket 9 at ¶ 32 and at 7.

Defendants' answer denies it is a business subject to the FLSA.  Docket 43 at ¶¶ 2, 9-11. Defendants' answer also denies that Garrison worked more than 40 hours in a workweek and denies that he did not receive overtime.  Docket 43 at ¶ 17.  Defendants failed to respond to Count II of the amended complaint, which alleges the collective action under the FLSA.  Docket 43.

On the same day that Garrison filed his amended complaint, Wendy Garrison filed a consent form to join the action.  Docket 10.  Subsequent consent forms to join the action were filed by four more people: Benjamin Hobson (Docket 34), Frank Renken (Docket 35), Ricardo Aponte (Docket 39), and Nicholas J. Casesa (Docket 41).  The district judge has ordered that Renken (Docket 38), Aponte

and Casesa (Docket 44) be added as a plaintiffs to the action.  Wendy Garrison and Hobson should

be added as party plaintiffs as well.

On January 22, 2007, Garrison filed the motion now before the Court.  Docket 36.  Garrison

asks:

> (a) That the Court Order preliminary class certification to include all
> persons filing a consent to join form with the Court;
>
> (b) Permit and supervise notice to all current and former, hourly paid,
> construction workers and those employees performing manual labor,
> (using Exhibits H and I, attached hereto), who worked for Defendants;
>
> (c) Order Defendants to produce to Plaintiff, Garrison, a computer
> readable data file containing the names, addresses, telephone numbers
> of all Potential Opt-In Plaintiffs within ten (10) days of the date of the
> Order Granting Notice so that the Notice and Consent to Join forms
> may promptly be mailed to all Potential Opt-In Plaintiffs in order that
> they may file their consents to join this case on a timely basis (within
> forty-five (45) days from the date of mailing), and toll the statute of
> limitations that is currently running on these claims;
>
> (d) Allow Plaintiff to conduct a search for additional addresses for any
> potential opt-in plaintiff whose notice is returned as undeliverable by
> the United States Post Office and re-mail the Notice to the putative
> plaintiff's last-known address;
>
> (e) Grant all other relief to the Plaintiffs the Court deems just.

Docket 36 at 11-12.  In support of his motion, Garrison submits the consent forms to join as party

plaintiff, the unsworn declarations of Hobson, Renken, Aponte, and Casesa, and the sworn answers

to Court Interrogatories by Garrison and Wendy Garrison.  Docket 36-2, Docket 40, Docket 42.

## II.      STANDARD FOR CERTIFICATION OF A COLLECTIVE ACTION

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**."  29 U.S.C. § 216(b) (emphasis added).   In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees.  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

Garrison thus bears the burden of demonstrating that the other employees are "similarly situated."  This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively.[1]  *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).  A plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs.  *Id.*  While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist.  *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983).

---

[1]The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23.  *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).  First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See id.* at 1249.  Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b).  Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249.  "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.*  The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001).  Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a representative collective action under the FLSA.  *Id.* at 1218.  The Eleventh Circuit noted:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs].  Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218.  When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in."  Under the Eleventh Circuit's recommended approach, the case thus proceeds as a collective action through the close of discovery.  *Id.*  After the completion of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification."  *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated."  *Id.*  If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim.  *Id.*

According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases."  *Id.* at 1219.  The Eleventh Circuit notes, however, that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach."  *Id.*  Indeed, the

decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

## III.    ANALYSIS

In this case, Garrison seeks preliminary class certification of an unspecified number of potential plaintiffs under § 216(b).  Docket No. 36 at 11.  Garrison has the burden of demonstrating a "reasonable basis" for crediting the assertion that aggrieved individuals exist in the proposed class. *Marsh v. Butler County School Sys.*, 242 F. Supp. 2d 1086, 1091 (M.D. Ala. 2003), *citing, Haynes*, 696 F.2d at 887.  Defendants oppose Garrison's motion, arguing that Garrison has not described the size of the putative collective class and that the declarations submitted in support of the existence of a collective class are vague and unsworn.  Defendants also argue that Garrison fails to show that the persons in the putative class are similarly situated.  Finally, Defendants object that the proposed notification letter to the putative class members fails to fully inform recipients about the consequences of opting into the action and the reference to "double damages" is misleading.

Garrison's burden at this stage is not heavy, and may be met by "detailed allegations supported by affidavits." *Grayson*, 79 F.3d at 1097.  An affidavit must be sworn under oath or on affirmation before an authorized officer. *See, Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990).  Unsworn declarations made under penalty of perjury also suffice. *See,* 28 U.S.C.§ 1746.  As the submitted affidavits are neither sworn nor signed under penalty of perjury, they have no evidentiary value.  Similarly, the amended complaint is not sworn and does not carry any evidentiary weight.  As the answers to Court Interrogatories are sworn, the Court will consider them in lieu of affidavits.  In evaluating the motion, the Court also has considered the answers to Court Interrogatories filed by

Aponte (Docket 45-2), Casesa (Docket 46-2), Hobson (Docket 47-2), and Renken (Docket 48-2). Each of these answers to interrogatories were made under penalty of perjury and were filed prior to Defendants' response to the instant motion.

      A.      **The Putative Class Members Are Similarly Situated**

A review of the answers to Court Interrogatories reveals that each of the six plaintiffs were paid on an hourly basis, were compensated in cash at their respective straight-time hourly rate for hours worked over 40 in a workweek, and performed some type of construction-related tasks. Further, four of the six plaintiffs were directly supervised by Chuck Adkins; one individual (Aponte) was supervised by "Jacob," who reported to Chuck Adkins, and one individual (Wendy Garrison) was supervised by Chuck Adkins and Carl Garrison.

Defendants' opposition that the plaintiffs are not similarly situated focuses on a lack of similar job duties performed by the plaintiffs. Docket 49 at 6. Defendants point out that Garrison was a welder and shop superintendent who oversaw construction and built structural projects out of steel. Docket 36-2 at 18 ¶ 4. Garrison also performed incidental duties of mowing the grass, making sure employees left the premises and locking the gates. *Id*. Garrison spent approximately 7.5 hours per week securing the property and 12 hours per month mowing the grass during the limited time period that he performed those incidental duties. Docket 36-2 at 22 ¶ 6(c).

Defendants contrast Garrison's duties to those of Wendy Garrison. Wendy Garrison initially was employed in the office, working on public relations, advertising and sales. Docket 36-2 at 24, ¶ 4. At some later unspecified date, Wendy Garrison began working as a general laborer. *Id*. Again, at some unspecified date, Wendy Garrison began living on "the property" and would perform incidental

-7-

duties making sure employees had left the premises and locking the gates. *Id*. Because the class Garrison seeks to represent is limited to those who performed construction work or manual labor, the Court interprets Wendy Garrison's claim as being limited to the time period when she worked as a general laborer.

Aponte, Casesa, Hobson and Renken all state that they performed manual labor and helped erect metal buildings. Docket 45-2 at ¶ 4; Docket 46-2 ¶ ; Docket 47-2 ¶ 4; Docket 48-2 ¶ 4. Hobson states that he additionally oversaw projects, welded, and poured and formed concrete on the building projects. Docket 47-2 at ¶ 4. Renken states that he additionally performed iron/metal work, that he helped "stand up" and oversee metal building construction, and that he read blueprints. Docket 48-2 ¶ 4.

Although there are some differences in the duties performed by the plaintiffs, the law does not require that each employee perform the exact same duties or hold the same position. *Grayson,* 79 F.3d at 1086. Each of the plaintiffs labored to build metal buildings for Defendants. Each was paid on an hourly basis. More importantly, each allegedly was subject to Defendants' pay practice of being paid in cash for overtime hours at their straight-time pay rate. Garrison has met his burden of establishing that other similarly situated employees are interested in joining the action.

Plaintiffs have not, however, shown that a putative class exists in a size that makes class certification appropriate. Garrison's motion is therefore **GRANTED in part and DENIED in part**. The motion for class certification is **DENIED without prejudice** as premature, but Plaintiffs' request for Court supervised notification to potential plaintiffs is **GRANTED**. It is

**ORDERED** that Plaintiffs have the right to notify all current and former, hourly paid, construction workers and manual laborers who worked for Defendants during the time period of October 24, 2003, to present.[2]  It is

**FURTHER ORDERED** that on or before **April 27, 2007**, Defendants shall produce to Plaintiffs' counsel a computer readable data file containing the names and last known address of all potential opt-in plaintiffs.  If the United States Post Office returns mail as undeliverable, Plaintiffs' counsel may conduct a search for additional addresses for those potential opt-in plaintiffs.  It is

**FURTHER ORDERED** that Plaintiffs' counsel shall promptly mail the notices to the potential opt-in plaintiffs, and the potential plaintiffs shall file their opt-in notices on or before **June 29, 2007**.  The Court makes no ruling at this time regarding the tolling of the statute of limitations as neither side has briefed the issue.  It is

**FURTHER ORDERED** that Wendy Garrison and Benjamin Hobson be added as party plaintiffs.

B.      **Form of Notice to Potential Plaintiffs**

Defendants object that Plaintiffs' proposed notification form is defective on several grounds. First the proposed notice fails to fully inform the recipients about the consequences of opting in. Specifically, Defendants argue that  the recipients must be informed that they could be required to participate in discovery and that they may be responsible for costs.  Docket 49 at 7.

---

[2] At this time, the Court makes no ruling as to whether the three year period for willful violation of the FLSA for opt-in plaintiffs should be measured from when Garrison initially filed his action, from the date when Garrison amended his complaint to add a collective action allegation, or some other date.  The Court selected the date of October 24, 2003, for discovery purposes solely.

Defendants are correct that potential plaintiffs should be informed that they may be subject to discovery.  Notification regarding potential costs and attorneys' fees, however, is adequate.  Although it is not set forth in the proposed notice, the consent form (which plaintiffs must sign) informs plaintiffs that they are not responsible for any attorneys' fees or costs, and that any attorneys' fees and costs will be paid out of a judgment or settlement, if any.  Docket 36-2 at 36.

Second, Defendants object to the statement in the proposed notice that employees may make a claim for "double damages."   Defendants argue that the statement mischaracterizes the legal standards.  Defendants are correct that the notice is imprecise, and that the potential claim for liquidated damages could be better stated.  Moreover, the proposed notice form could be better organized, and could better address the issue of retaliation.  Accordingly, Plaintiffs may issue notice in the form attached to this order.

## CONCLUSION

For the reasons set forth above, the motion for class certification is **DENIED without prejudice** as premature, but Plaintiffs' request for Court supervised notification to potential plaintiffs is **GRANTED**.  It is **FURTHER ORDERED** that Wendy Garrison and Benjamin Hobson be added as party plaintiffs.

**DONE** and **ORDERED** in Orlando, Florida on April 11, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-10-

ATTACHMENT

NOTICE

TO:   PRESENT AND FORMER EMPLOYEES OF CHUCK, CAROL & COMPANY, INC., WHO WERE PAID ON AN HOURLY BASIS AND WHO PERFORMED CONSTRUCTION WORK OR MANUAL LABOR ANYTIME BETWEEN OCTOBER 24, 2003 TO PRESENT

RE:   FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST CHUCK, CAROL & COMPANY, INC., CHARLES D. ADKINS, AND CASSANDRA ADKINS, CASE NO. 6:06-CV-1656-28-JGG (M.D. FLORIDA, ORLANDO DIVISION).

## 1.    INTRODUCTION

This Notice is to inform you of a collective action lawsuit in which you may be "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, if you choose to do so.

## 2.    DESCRIPTION OF THE LAWSUIT

Carl Garrison ("Garrison") filed this lawsuit against Defendants Chuck, Carol & Company, Inc., Charles D. Adkins, and Cassandra Adkins (collectively "Defendants") in the United States District Court for the Middle District of Florida (Orlando Division), Case No. 6:06-cv-1656-28-JGG. Garrison seeks to pursue this lawsuit on behalf of himself and all other past and present employees of Chuck, Carol & Company who were paid on an hourly basis, and who performed construction work or manual labor anytime between October 24, 2003 to present.  Since Garrison filed his suit, five other employees have joined the action as party plaintiffs.[3]

---

[3] The five other party plaintiffs are: Wendy Garrison, Benjamin Hobson, Frank Renken, Ricardo Aponte, and Nicholas J. Casesa.

Garrison claims that Defendants failed to pay him overtime compensation at the rate of one and one-half times his hourly rate.  Garrison claims that Defendants instead paid him cash at his "straight time" hourly rate for all hours over forty (40) in a workweek.  Garrison alleges that Defendants' actions violate the Fair Labor Standards Act,  29 U.S.C. § 216(b) ("FLSA").  Garrison is suing to recover the allegedly unpaid wages for himself and for any other similarly situated employee.  Garrison also seeks to recover for himself and for any other similarly situated employee an additional equal amount as liquidated damages, plus attorneys' fees and costs.

Defendants deny Garrison's claims and state that they properly paid all wages owed to Garrison.  Defendants also claim that they are not subject to the FLSA, and not required to pay overtime.  The case is in the early stages of litigation, and the Court has not ruled on Garrison's claims or Defendants' defenses.

## 3.       YOUR RIGHT TO PARTICIPATE IN THIS SUIT

You may join in this lawsuit ("opt-in" as a Plaintiff) if: 1.) you have performed construction work or manual labor for Defendants anytime between October 24, 2003 and the present, 2.) you were paid on an hourly basis, and 3.) you were not paid overtime wages for all of your hours in excess of forty (40) in a workweek.  You are not required to join this lawsuit.  If, however, you wish to join as a Plaintiff, you may sign the enclosed "Consent to Become Party Plaintiff" form and mail it to Plaintiffs' counsel at the following address:

Peter Bober
Bober & Bober, PA
1930 Tyler St
Hollywood, FL 33020

-2-

You either must return the signed form to Plaintiffs' counsel or retain other counsel in time for counsel to file your consent to join this action with the federal court  in Orlando, Florida on or before **June 29, 2007**.  If you fail to file a "Consent to Become Party Plaintiff" with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

If you file a "Consent to Become Party Plaintiff" form, the Court may decide whether you are a proper party.

**5**.     **EFFECT OF JOINING THIS SUIT**

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable. You give up the right to file suit in a separate action for the claims made in this case. By joining in this suit, you may be required to respond to written questions, sit for depositions, and testify in court.

The attorneys for the Plaintiffs seek payment of attorneys' fees on a contingency fee basis out of any recovery.  If there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the Plaintiffs will receive a part of any settlement obtained or money judgment entered in favor of all of the Plaintiffs.  If you join this suit and agree to be represented by Plaintiffs' counsel, then you agree to the contingency fee agreement (a copy of which is available from Plaintiffs' attorney) and you designate the Plaintiffs' counsel as your attorney to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit.

**6.      NO LEGAL EFFECT IN NOT JOINING THIS SUIT**

If you choose not to join this suit, your rights will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit and you may be represented by the attorney of your choice.

**7.      NO RETALIATION PERMITTED**

Federal law prohibits Defendants from discriminating or retaliating against you because you have exercised your rights under the FLSA.  Examples of prohibited retaliation include discharge from employment, demotion, or any other adverse action that affects a term or condition of employment.

**8.      YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this suit, your interests will be represented by Garrison's attorneys, who are:

Peter Bober and Samara Bober
Bober & Bober, PA
1930 Tyler St
Hollywood, FL 33020
954/922-2298
Fax: 954/922-5455
Email: peter@boberlaw.com
Email: samara@boberlaw.com

**9.      COUNSEL FOR DEFENDANTS.**

The attorneys for the Defendants are:

Richard W. Smith
Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, PA
20 N Orange Ave - Ste 1500
PO Box 712
Orlando, FL 32802-0712

407/843-2111
Fax: 407/422-1080
Email: rsmith@fisherlawfirm.com

**10.     FURTHER INFORMATION.**

Further information about this Notice, the deadline for filing a "Consent to Become Party

Plaintiff," or questions concerning this lawsuit may be obtained by writing or telephoning Plaintiffs'

counsel at the number and address stated above.