# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL GARRISON et al.,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1656-Orl-28UAM**

**CHUCK, CAROL & COMPANY, INC.,**
**CHARLES D. ADKINS, CASSANDRA**
**ADKINS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE (Doc. No. 87)** |
| **FILED:** | **July 25, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    On October 24, 2006, Plaintiff Carl Garrison ("Garrison") filed a complaint alleging violation of the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Docket 1. The complaint was filed solely on Garrison's own behalf. Garrison amended his complaint on November 20, 2006, to add a second count alleging violation of the FLSA on behalf of himself and others who are similarly situated. Docket 9 at ¶¶ 29-33. Ultimately, ten individuals filed notices consenting to join the action. Those individuals are: Carl Garrison (Doc. 14), Wendy Garrison (Doc.

10), Benjamin Hobson (Doc. 34), Frank Renken (Doc. 35), Ricard Aponte (Doc. 39), Nicholas J. Casesa (Doc. 41), Marc Crawford (Doc. 68), Jonathan Housch (Doc. 71), Paul Laquire (Doc. 81), and Robert J. Rivera (Doc. 83). At appropriate intervals, the Court issued orders adding these individuals to the action as plaintiffs.

All of the plaintiffs, with the exception of Marc Crawford, have reached a monetary settlement of their claims. The settling parties ask the Court to approve the settlement and dismiss the case with prejudice. Doc. 87. Marc Crawford and the Defendants agree that Crawford's claims are barred by the statute of limitations, and these parties have filed a joint stipulation to dismiss with prejudice Crawford's claims. Doc. 88.

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of the amounts owed under the FLSA, which constitutes a bona fide dispute. The Plaintiffs were represented by counsel independent of the employer, and the employer had its own counsel. It is clear that the parties' counsel vigorously represented their clients' positions. The Court finds the proposed aggregate settlement for the nine plaintiffs of $12,275 for back wages and $12,275 for liquidated damages, and payment of $33,000 to Plaintiffs' counsel in exchange for Plaintiffs' release of claims and dismissal of the action with prejudice to be fair and reasonable.

The Court, therefore, **RECOMMENDS**, that:

1.  The parties' joint motion be granted and the settlement be approved; and

2.  The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 19, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II